[Crim. No. 11013. First Dist., Div. One. July 13, 1973.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES SANCHEZ, Defendant and Appellant.

414

## COUNSEL

Dek Ketchum, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, Robert R. Granucci and Thomas A. Brady, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**ELKINGTON, J.**—James Sanchez was convicted on a jury's verdict of violating Education Code section 29015.

Substantial evidence established that Sanchez in his successful application for a job told his prospective employer that he had been graduated from the University of California at Santa Barbara. The employer, unable to obtain the university's verification of the statement so informed Sanchez, who thereafter handed the employer a diploma which purported to confirm his earlier statement. The employer made a copy of the document which was forwarded to the university. The diploma was a forgery; it falsely certified that Sanchez had been graduated from the University of California at Santa Barbara, when in fact he had never been a student at that institution.

Section 29015 provides: "No person, firm, association, partnership or corporation may:

"(a) Use in connection with a business, trade, profession or occupation, or give or receive;

"(b) Attempt to use in connection with a business, trade, profession or occupation, or attempt to give or receive;

"(c) Conspire to use in connection with a business, trade, profession or occupation, or conspire to give or receive; any diploma or degree evidencing the undertaking or completion of any course of study or scholastic achievement attained if, in fact, said course of study has not been undertaken nor completed or if such scholastic achievement has not been attained."

The information charged that Sanchez *"did attempt to give and did give a diploma or degree to another person evidencing the undertaking or completion of a course of study and scholastic achievement obtained knowing that such course of study had not been undertaken or completed and that such scholastic achievement had not been attained."* (Italics added.)

Although the point is not raised by the parties, we conclude that Sanchez' temporary delivery of the fraudulent diploma to another constituted a "giving" of such document within the meaning of section 29015. Webster's New International Dictionary (2d ed. 1935), indicates an accepted meaning of the verb "give" as: "To offer to the action of another; to proffer, expose, or present; . . . To present to view or for consideration, . . ."

■ The first assignment of error is in the giving of an instruction.

The trial court told the jury: "You are instructed that any person who wilfully gives or attempts to give a diploma or degree evidencing the undertaking or completion of any course of study or scholastic achievement attained if, in fact, said course of study has not been undertaken nor completed or if such scholastic achievement has not been attained is guilty of violation of Section 29015 of the Education Code."

It is urged that the instruction was faulty because it did not state that the giving or attempt to give must be "in connection with a business, trade, profession, or occupation."

An analysis of section 29015 shows the contention to be without substance. The section, in the disjunctive, proscribes each of three types of conduct in relation to the false diploma or degree: (1) to use, attempt to use, or conspire to use, such a document in "connection with a business, trade, profession or occupation"; *or* (2) to give, attempt to give, or conspire to give such a document; *or* (3) to receive, attempt to receive, or conspire to receive such a document. Sanchez was charged in the language of the second alternative which patently does not require that the act be done in connection with a business, trade, profession or occupation.

■ The remaining appellate contention is that evidence of a previous similar offense was prejudicially erroneous.

The criticized evidence established that Sanchez, seeking bank employment, represented himself to be a graduate of the University of California at Santa Barbara, and to have formerly been employed by a certain insurance company. The bank thereafter advised Sanchez that this information could not be verified, and suggested that he have the university and previous employer make such verification. A few days later the bank received purported letters from the university and former employer attesting to the truth of Sanchez' representations. The evidence indicated that these letters were forged.

Reasonably at issue during the prosecution's case was the question

whether it was Sanchez who had given the false diploma which was the subject of the charge against him. He contends that his identity was "obviously established beyond all doubt" by the testimony of the person to whom he had given the document. This witness had apparently met only briefly with the job applicant about eight months earlier. On his testimony alone the jury may have entertained a reasonable doubt if the person was Sanchez. The point is disposed of by *People* v. *Archerd,* 3 Cal.3d 615, 639 [91 Cal.Rptr. 397, 477 P.2d 421], which states: "There is no merit in the contention of defendant that until he puts in issue either identity, intent or other fact the People may not anticipate this and present evidence of other acts in their case in chief. It is not necessary for the defendant to raise issues before the People may meet them where this is part of the prosecution's burden. The People have the burden of establishing intent and identity."

This evidence of Sanchez' conduct was logically relevant to an issue in dispute. We observe no abuse of the trial court's discretion in its admission. Even, arguendo, assuming error, we are of the opinion, after an examination of the entire cause, including the evidence, that it is not reasonably probable that a result more favorable to Sanchez would have been reached in the absence of the complained-of error. (See *People* v. *Watson,* 46 Cal.2d 818, 836 [299 P.2d 243] [cert. den. 355 U.S. 846 (2 L.Ed.2d 55, 78 S.Ct. 70)].)

The judgment is affirmed.

Molinari, P. J., and Sims, J., concurred.